**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 3 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOWER ELWHA KLALLAM INDIAN TRIBE; JAMESTOWN S'KLALLAM TRIBE; PORT GAMBLE S'KLALLAM TRIBE, | No. 19-35610 |
| | D.C. No. 2:11-sp-00002-RSM |
| Petitioners-Appellees, | MEMORANDUM[*] |
| v. | |
| LUMMI NATION, | |
| Respondent-Appellant, | |
| TULALIP TRIBES; MAKAH INDIAN TRIBE; NISQUALLY INDIAN TRIBE; SKOKOMISH INDIAN TRIBE; SQUAXIN ISLAND TRIBE; STATE OF WASHINGTON; STILLAGUAMISH TRIBE; SUQUAMISH TRIBE; SWINOMISH INDIAN TRIBAL COMMUNITY; UPPER SKAGIT INDIAN TRIBE, | |
| Real Parties in Interest. | |

| | |
|---|---|
| LOWER ELWHA KLALLAM INDIAN TRIBE, | No. 19-35611 |
| | D.C. No. 2:11-sp-00002-RSM |
| Petitioner, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

JAMESTOWN S'KLALLAM TRIBE;
PORT GAMBLE S'KLALLAM TRIBE,

       Petitioners-Appellants,

  v.

LUMMI NATION,

       Respondent-Appellee,

TULALIP TRIBES; MAKAH INDIAN
TRIBE; NISQUALLY INDIAN TRIBE;
SKOKOMISH INDIAN TRIBE; SQUAXIN
ISLAND TRIBE; STATE OF
WASHINGTON; STILLAGUAMISH
TRIBE; SUQUAMISH TRIBE;
SWINOMISH INDIAN TRIBAL
COMMUNITY; UPPER SKAGIT INDIAN
TRIBE,

       Real Parties in Interest.

---

LOWER ELWHA KLALLAM INDIAN
TRIBE,

       Petitioner-Appellant,

 and

JAMESTOWN S'KLALLAM TRIBE;
PORT GAMBLE S'KLALLAM TRIBE,

       Petitioners,

No.    19-35638

D.C. No. 2:11-sp-00002-RSM

2

v.

LUMMI NATION,

                Respondent-Appellee,

TULALIP TRIBES; MAKAH INDIAN TRIBE; NISQUALLY INDIAN TRIBE; SKOKOMISH INDIAN TRIBE; SQUAXIN ISLAND TRIBE; STATE OF WASHINGTON; STILLAGUAMISH TRIBE; SUQUAMISH TRIBE; SWINOMISH INDIAN TRIBAL COMMUNITY; UPPER SKAGIT INDIAN TRIBE,

                Real Parties in Interest.

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Submitted June 2, 2021[**]
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and FOOTE,[***] District Judge.

The parties appeal the district court's application of our opinion and remand in *United States v. Lummi Nation*, 876 F.3d 1004 (9th Cir. 2017) (*"Lummi III"*).

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

3

We held in *Lummi III* that the "waters west of Whidbey Island" are encompassed in the Lummi Nation's "usual and accustomed" fishing grounds ("U&A"). For purposes of that opinion, we equated the phrase "waters west of Whidbey Island" with the phrase "the waters contested here." *See id.* at 1008 (describing "the waters contested here" as "the waters west of Whidbey Island"). Therefore, in stating that the "waters west of Whidbey Island" are part of the Lummi Nation's U&A, we held that the "waters contested here" are part of the Lummi Nation's U&A. The "waters contested here," in turn, are the waters "northeasterly of a line running from Trial Island near Victoria, British Columbia, to Point Wilson on the westerly opening of Admiralty Inlet, bounded on the east by Admiralty Inlet and Whidbey Island, and bounded on the north by Rosario Strait, the San Juan Islands, and Haro Strait." *Lummi III* held that these waters are part of the Lummi Nation's U&A.

*Lummi III* did not address, nor did we have occasion to address, the waters west of the line running from Trial Island to Point Wilson ("the Trial Island line"). However, in holding that the waters east of the Trial Island line are included in the Lummi Nation's U&A, we relied on the geographic fact that those waters lie between "the waters surrounding the San Juan islands" and "Admiralty Inlet" and the general evidence of travel between those two areas. *Lummi III*, 876 F.3d at 1009. Under the logic of *Lummi III*, the waters to the west of the Trial Island line

4

are not part of the Lummi Nation's U&A, because those waters do not similarly lie between "the waters surrounding the San Juan islands" and "Admiralty Inlet." *Id.* Finally, by declining to determine the outer bounds of the Strait of Juan de Fuca, which is excluded from the Lummi Nation U&A, we held that the Lummi Nation U&A and the Strait of Juan de Fuca do not necessarily share a boundary. *Id.* at 1011.

Because the district court interpreted *Lummi III* to hold only that the Lummi Nation has the right to fish in some portion of the contested waters, we reverse and remand for the purpose of entering judgment in favor of the Lummi Nation on the ground that the Lummi Nation U&A includes the entirety of the area contested in this subproceeding, e.g. the waters "northeasterly of a line running from Trial Island near Victoria, British Columbia, to Point Wilson on the westerly opening of Admiralty Inlet, bounded on the east by Admiralty Inlet and Whidbey Island, and bounded on the north by Rosario Strait, the San Juan Islands, and Haro Strait."

The district court did not abuse its discretion in denying the S'Klallam's motion for leave to amend the Request for Determination ("RFD") and in striking S'Klallam's expert report. *See In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 736 (9th Cir. 2013) (reviewing denial of motion for leave to amend for abuse of discretion). The Lummi Nation's fishing rights in the waters east of the Trial Island line were resolved by *Lummi III*, and the rights in the waters

5

west of the Trial Island line are not presently contested.  The amended RFD would therefore be futile—rendering harmless any error in denying leave to amend and in striking the expert report.  *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).[1]

**REVERSED with respect to the district court's interpretation of *Lummi III*, AFFIRMED with respect to the district court's denial of leave to amend and striking of the expert report, and REMANDED for entry of judgment in favor of the Lummi Nation.  Each party shall pay its costs on appeal.**

---

[1] The Motion to Take Judicial Notice [Docket Entry No. 71] is denied as moot.